# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE:<br>PHILLIP GOODWYN,<br>DEBTOR,<br><br>SIMPLE PLEASURES, INC.,<br>PLAINTIFF,<br><br>V.<br><br>V. RESTAURANTS, INC., AND<br>VINCE SAELE,<br>DEFENDANTS. | CHAPTER 7<br>CASE NO. 05-32325-WRS<br><br>ADVERSARY PROCEEDING<br>NO. 05-03062 |

## DEFENDANT'S REPLY TO SUMMARY JUDGMENT PROCEEDINGS

### CASE SUMMARY

The Plaintiffs, Phillip Goodwyn and Simple Pleasures, Inc., originally filed this action in the Montgomery County Circuit Court alleging various wrongdoing on the part of the above Defendants, which at that time included co-defendant Spectrum Development, Inc. Following Mr. Goodwyn's bankruptcy filing the matter was removed to the United States Bankruptcy Court for the Middle District of Alabama. The later named co-defendant was voluntarily dismissed by the Plaintiffs while this case was before the Bankruptcy Court. By Order of this Honorable Court the reference to the Bankruptcy Court was withdrawn and this case is now properly before the District Court for jury trial.

While this case was before the Bankruptcy Court the Defendants filed a Motion for Summary Judgment. The Defendants have now renewed the Motion for Summary Judgment. This reply is filed in response to the various filing by the Plaintiffs.

In their complaint, the Plaintiff's allege various torts and equitable relief to include breach of contract, conversion, unjust enrichment, damages for use, fraud, negligence, wantonness, willfulness and conspiracy. The Defendant moved for summary judgment as to each count. The Plaintiffs have now filed a *RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF* with this Court addressing only breach of contract, substantial performance, waiver, unjust enrichment and fraud. Based on this most recent filing on the part of the Plaintiffs, the Defendants conclude that the Plaintiffs assert only the causes of action denominated in the abovementioned pleading. In this *Reply* the Defendants will address each count individually after paraphrasing the material facts in dispute.

The Defendant hereby adopts the previous filings as to this Motion for Summary Judgment along with the Motion for District Court's Reconsideration of Summary Judgment along with the attachments filed on December 4, 2006.

## DISPUTED FACTS

1. Time was of the essence in the contract date September 24, 2004 and signed by the parties.
2. The Plaintiffs suffered damages because the Defendants did not pay the $90,000.00 pursuant to the agreement dated September 24, 2004.

3. The Plaintiffs have yet to designate a time and place where any materially misleading statements made by the Defendants to support their fraud count.

4. The restaurant equipment has a value of $100,000.00.

5. The business goodwill has a value of $100,000.00.

6. Phillip Goodwyn and Simple Pleasures, Inc. failed to complete material aspects required under the letter agreement other than the delay in closing.

7. The actions of V. Restaurants, Inc., and Vince Saele did not cause the Defendants to be unable to pay their creditors.

## POINTS AND AUTHORITIES

**Cases**

Barry Mogul & Assocs., Inc. v. Terrestris Dev. Co., 267 Ill.App.3d 742,
   643 N.E.2d 245, 205 Ill. Dec. 294, (1994) ............................................................ 7

Gadsden Brick Co. v. Cranford, 273 Ala. 37, 134 So.2d 421, (Ala. 1961) ........................ 6

Isom v. Johnson, 205 Ala. 157, 158, 87 So. 543 (1921) ....................................................... 5

Kennedy v. Polar-BEK & Baker Wildwood Partnership, 682 So.2d 443,
   (Ala.1996) ................................................................................................................ 7

Moore v. Lovelace, 413 So.2d 1100 (Ala.1982) ................................................................... 5

Rogers v. Relyea, 184 Mont. 1, 601 P.2d 37 (1979) ............................................................. 4

Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala.1979) ................................................ 4

Sullivan v. Mazak Corp., 805 So.2d 674, (Ala.,2000) .......................................................... 8

Travelers Ins. Co. v. Kernachan ,283 Ala. 96, 214 So.2d 447, (Ala. 1968) ........................ 5

Wilson v. Williams, 257 Ala. 445, 59 So.2d 616, (Ala. 1963) ............................................. 6

## ARGUMENT

### *Breach of Contract*

This contract was breached; however, the breach was by Simple Pleasures, Inc and not by the Defendants. When a contracting party breaches its contract in a material manner the opposing party's right of action is complete upon the breach. *Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala.1979)*. A material breach is one that touches the fundamental purposes of the contract and defeats the object of the parties in making the contract. *Rogers v. Relyea, 184 Mont. 1, 601 P.2d 37 (1979)*.

Simple Pleasures agreed to transfer the restaurant equipment without the Federal tax liens and the Regions secured interest and agreed to accomplish this by October 22, 2004. (See Complaint and letter of understanding attached) Mr. Goodwyn testified that

the liens were not resolved on the required date. (Goodwyn Deposition page 50) The Regions liens were not released to allow a transfer of good title.

Date Certain – Time of the Essence

The Plaintiffs now contend that the date stated in the contract, October 22, 2004, itself did not make time of the essence in this contract. This argument is without merit. It is a general rule in equity that time is not of the essence of a contract. However, the parties to a contract may make time of its essence by a clear manifestation of their intent to do so in the terms of their agreement. *Moore v. Lovelace, 413 So.2d 1100 (Ala.1982)*; *Isom v. Johnson, 205 Ala. 157, 158, 87 So. 543 (1921)*.

Where terms and conditions of contract are certain, its construction is for court and not jury but where contract is ambiguous and uncertain and there is evidence aliunde, or parol evidence, it is for jury to decide. *Travelers Ins. Co. v. Kernachan ,283 Ala. 96, 214 So.2d 447, (Ala. 1968)*. In this case the contract clearly indicates the parties intentions and the Court should make a finding that time was of the essence in this agreement and the Plaintiff did not fulfill their obligation. There should be no serious doubt that the words and actions of the parties indicate that time is of the essence of this contract.

The agreement between the parties required the restaurant to "… be transferred no latter than October 22, 2004, or as otherwise agreed upon by the parties…". The Plaintiff has produced no evidence of any subsequent agreement to transfer the restaurant after the October 22, 2004, date. In addition the agreement stated further "That in the event any of the contingencies stated herein are not fulfilled by the Obligor, consideration shall be immediately withdrawn from the Trust Account and returned to the Purchaser." More

importantly the agreement states "Von, my client is at his wits end and feels he may be wasting his time. These terms are non-negotiable and this must be signed by tomorrow at noon (Saturday, September 25, 2004)."

The agreement clearly indicated the intent that time was of the essence in the agreement. The evidence of the parties' intent is strong enough to warrant this Court finding this issue as a matter of law. A date certain was placed in the contract, the agreement provided provisions as to events that would occur if that date certain were not met, and the agreement stated that the Purchaser (the V Restaurants and Saele) were not open to any further delays.

## *Substantial Performance*

Where a contract is substantially performed by one party and the benefits thereof retained by the other, recovery may be had in an action of this kind on an averment of full or complete performance, although the proof shows only a substantial performance. Substantial performance does not contemplate a full or exact performance of every slight or unimportant detail, but performance of all important parts. *Wilson v. Williams, 257 Ala. 445, 59 So.2d 616, (Ala. 1963)*.

In this case, Goodwyn did not substantially perform his duties under the agreement. Although V Restaurants was placed in possession of the restaurant, Goodwyn was never, and still cannot today, deliver good title to the restaurant. The inability to deliver good and marketable title to the subject of the contract will operate to deny recovery for substantial performance. *Gadsden Brick Co. v. Cranford, 273 Ala. 37, 134 So.2d 421, (Ala. 1961)*.

### *Waiver*

The Plaintiff argues that V Restaurants and Saele waived the right to have Goodwyn perform the terms of this agreement in a timely manner by failing to include a provision for strict compliance in the letter agreement. The Defendant reiterates the arguments contained under the heading *Date Certain – Time of the Essence.* In addition the Plaintiff advances no evidence to support this waiver. In addition the Plaintiffs have yet to advance evidence that the Defendants agreed to an extension of the October 22, 2004, closing date.

### *Unjust Enrichment*

Summary judgment in favor of the Defendants is due to be granted for the Plaintiff's claim for unjust enrichment. A party cannot recover on a claim of unjust enrichment where there is an enforceable express contract between the parties concerning the same subject matter on which the unjust-enrichment claim rests. See *Kennedy v. Polar-BEK & Baker Wildwood Partnership, 682 So.2d 443, (Ala.1996)*. See also *Barry Mogul & Assocs., Inc. v. Terrestris Dev. Co., 267 Ill.App.3d 742, 643 N.E.2d 245, 205 Ill. Dec. 294, (1994)*, stating:

> "It is well established, as a general rule, that a plaintiff cannot pursue a quasi-contractual claim where there is an enforceable express contract between the parties.... 'Difficulties arise with quasi-contractual claims when there is an express contract between the parties. The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests. The reason for this rule is not difficult to discern. When parties enter into a contract they assume certain risks with an expectation of a return. Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated. As a result, they have no remedy under the contract for restoring their expectations. In desperation, they turn to quasi-contract for recovery. This the law will not allow. Quasi-contract is not a means for shifting a risk one has assumed under contract.' *Sullivan v. Mazak Corp., 805 So.2d 674, (Ala.,2000)*.

*Fraud*

Summary judgment is due to be granted as to the Plaintiff's fraud count. The Plaintiff argues in its response to the Defendant's summary judgment motion that state of mind is not capable of discerning from pleading filed with the Court. As to this matter, the Plaintiff is correct, however, the point of the Defendant's motion is the Plaintiff's failure to designate a time and place where any materially misleading statements or even if there were any materially misleading statements. During Mr. Goodwyn's deposition he stated that there were no false or misleading statements made to him by either of the Defendants. (Goodwyn deposition page 80 - 82).

## CONCLUSION

For the foregoing reasons the Defendants are entitled to a grant of summary judgment in their favor. The Defendants would show unto the Court that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. In support of this Motion, the Defendant submits this reply brief, it's previous Motion for Summary Judgment and supporting exhibits, all being adopted and incorporated herein by reference. The Defendant respectfully requests that this Honorable Court enter a judgment against the Plaintiff as to all counts in the Plaintiff's complaint.

**RESPECTFULLY SUBMITTED** this the 27th day of December, 2006.

**/s/ Daniel G. Hamm**

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANTS
560 SOUTH MCDONOUGH STREET
SUITE A
MONTGOMERY, ALABAMA 36104
TELEPHONE     334-269-0269
FAX                  334-323-5666

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Defendant's Reply to Summary Judgment Proceedings by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below or parties if not represented by counsel.

**DONE** this the 27th day of December, 2006.

/s/ Daniel G. Hamm
---
DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANTS
560 SOUTH MCDONOUGH STREET
SUITE A
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX          334-323-5666

Von Memory
James Day
Memory, Day and Azar
469 S. McDonough Street
Montgomery, Alabama 36104

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br>PHILLIP GOODWYN,<br>DEBTOR,<br><br>SIMPLE PLEASURES, INC.,<br>PLAINTIFF,<br><br>V.<br><br>V. RESTAURANTS, INC., AND<br>VINCE SAELE,<br>DEFENDANTS. | CIVIL CASE NUMBER<br>2:06-CV-893-WKW |

## AFFIDAVIT OF VINCE SAELE

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**

I, Vince Saele, being duly sworn and placed under oath, deposes and says as follows:

1. My name is Vince Saele and I am a resident of Montgomery County, Alabama and am over the age of 19 and competent to testify.

2. I am the 100% shareholder of V Restaurants Inc.

3. On September 24, 2004, I, along with Phillip Goodwyn signed a letter agreement stating that all liens and encumbrances would be cleared and the transfer of said property would occur on or before October 22, 2004. Time was sensitive in this matter and we discussed this in the agreement. At that time, the landlord was insisting that I sign a new lease before necessary repairs were accomplished to the restaurant location. The October 22, 2004 date was set to allow these repairs before the new lease began on December 1, 2004.

4. I was informed by the Landlord that since the closing did not occur as planned he was going to proceed with eviction of Phillip Goodwyn and Simple Pleasures, Inc and the landlords sale of the contents pursuant to his landlord lien. Following that point in time, neither Phillip Goodwyn nor Simple Pleasures, Inc had the authority to convey the leasehold interest or the contents of the restaurant to me.

5. Some days later the Montgomery Sheriff's Department attempted to serve an eviction notice upon Phillips Goodwyn and Simple Pleasures, Inc. at the restaurant but I refused to accept and informed him that he was no longer at this address and the Sheriff stated he would serve him at him home address.

6. Since the Landlord had not received rent in a year he was insistent upon my signing a new lease beginning in December 2004 to help reduce his loss of rental income.

/s/ Vince Saele
───────────────────────────
VINCE SAELE

**SWORN TO** and **SUBSCRIBED** before me this the 27th day of December, 2006.

/s/ Kathy D. Ryan
───────────────────────────
NOTARY PUBLIC
MY COMMISSION EXPIRES: 6-18-08