IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SUSAN S. DEPAOLA, Chapter 7 Trustee for the Bankruptcy Estate of Philip L. Goodwyn, and SIMPLE PLEASURES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> V RESTAURANTS, INC., an Alabama corporation, and VINCE SAELE, an individual, <br><br> Defendants. | Case Number: 06-cv-00893-WKW-SRW <br><br><br> Bankruptcy Case No. 05-32325 – Chapter 7, Bankruptcy Adv. Pro. No. 05-03062-WRS |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on February 23, 2007, at 2:00 p.m. in Courtroom 2-E, Frank M. Johnson, Jr. U. S. Courthouse Complex, One Church Street, Montgomery, Alabama, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

    Plaintiffs: Susan S. DePaola, Chapter 7 Trustee for The Bankruptcy Estate Of Philip L. Goodwyn, And Simple Pleasures, Inc[1]. Counsel for Plaintiffs: Von G. Memory, Esq.

    Defendants: V Restaurants, Inc., an Alabama Corporation, and Vince Saele, an Individual. Counsel for Defendants: Daniel Hamm, Esq.

---

[1] Philip L. Goodwyn is the sole owner of all outstanding shares of Simple Pleasures, Inc., and because of the petition for an order of relief (bankruptcy), Susan S. DePaola is the successor in interest and owner of the instant shares.

2. COUNSEL APPEARING AT PRETRIAL HEARING: Same as trial counsel.

3. JURISDICTION AND VENUE: The parties stipulate to jurisdiction and venue.

4. PLEADINGS: The following pleadings and amendments were allowed:

Simple Pleasures, Inc., and Philip L. Goodwyn[2] filed a complaint in the Circuit Court of Montgomery County on February 3, 2005. V Restaurants, Inc., and Vince Saele filed their answers March 25, 2005. Subsequently, the Circuit Court action was removed to the United States Bankruptcy Court for the Middle District of Alabama, without objection, on August 12, 2005. The instant case was docketed as adversary proceeding number 05-03062. Under the order of Judge Watkins the reference was withdrawn and the case was transferred to the United States District Court for the Middle District of Alabama, on October 4, 2006, under case number 06-00893-WKW-SRW. There have been no amendments to the pleadings and the referenced pleadings are hereby ALLOWED and incorporated into this pretrial order.[3]

5. CONTENTIONS OF THE PARTIES:

(a) <u>The Plaintiffs</u> – In the referenced complaint, the Plaintiffs suggest nine separate causes of action or legal theories for the recovery of damages against the Defendants:

<u>Breach of contract</u> - A breach of contract is a failure to perform all or any part of what is warranted or required in a contract.

---

[2] Philip Goodwyn's name was misspelled on the face of the instant complaint.

[3] Defendants' counsel also added the following and insists on supplementing the pleading section with the following: Motion for Summary Judgment filed in Middle District of Alabama Bankruptcy Court; Response to Motion for Summary Judgment filed in Middle District of Alabama Bankruptcy Court; Reply to Response to Motion for Summary Judgment filed in Middle District of Alabama Bankruptcy Court; Motion for District Court's Reconsideration of Summary Judgment by V Restaurants, Inc., Vince Saele filed in the United States District Court for the Middle District of Alabama; Plaintiffs Response to Motion for Reconsideration; and Defendant's reply to Summary Judgment Proceedings.

<u>Conversion</u> - Conversion is the wrongful taking, destruction, or detention of personal property from the owner or other person entitled to its possession, or the exercise of dominion over the property inconsistent with or in defiance of the rights of that person.

<u>Unjust Enrichment</u> – The Plaintiff must show that the Defendant hold property which, in equity and good conscience, belongs to the Plaintiff or where the Defendant holds money that was improperly paid by mistake or fraud.

<u>Damages for Use</u> - A person recovering property wrongfully detained from the possession of the person or an amount that will compensate the person for its actual loss, may also recover as damages the value of its use during the period of detention if it has a usable value and is not held for sale or consumption.

<u>Fraud</u> – The willful, reckless, or innocent misrepresentation of a material fact to the Plaintiff (intentionally, recklessly, or innocently) to induce the Plaintiff to act thereon and the Plaintiff did, without knowledge of its falsity, act upon said misrepresentation to his injury.

<u>Negligence</u> - "Negligence" is the lack of ordinary care and diligence required by the circumstances. Ordinary care or diligence means such care as a person of ordinary prudence usually exercises about one's own affairs of ordinary importance.

> Wantonness – Wantonness is the conscious doing of some act or omission or some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty, an injury will likely or probably result.
>
> Willfulness – The conscious doing of some act or omission of some duty under knowledge of existing conditions accompanied with a design or purpose to inflict injury.
>
> Conspiracy - A civil conspiracy is a combination of two or more persons who agree to act together to inflict a wrong or an injury upon another, or who agree to act together to commit a lawful act using unlawful means to inflict a wrong or injury upon another.

The factual basis supporting the referenced contentions involves the attempted sale, under contract, of a restaurant facility and amenities associated with a restaurant in Montgomery, Alabama. The restaurant is question was formerly and currently is known as Gators. The Plaintiffs insist that the Defendants entered a contract to purchase the restaurant for $90,000.00 and then "backed out" without cause. Notwithstanding the alleged pretext for "backing out" and breaching the instant contract, the Defendants have continued in sole and exclusive possession since September 24, 2004.

Simple Pleasures is an Alabama restaurant and food service corporation (solely owned by Philip Goodwyn) organized by Philip Goodwyn in June 28, 1993. Simple Pleasures owned and previously operated "Gators." Philip Goodwyn is the president of Simple Pleasures.

In or about July 2004, Philip L. Goodwyn received an initial offer from V Restaurants, Inc. and Vince Saele to purchase Gators. Mr. Saele backed out and rescinded this offer before it could be reduced to writing. Subsequently, Mr. Saele renewed contract negotiations and offered to purchase the restaurant business for $90,000.00. The parties subsequently signed a letter of intent. In pertinent part, the parties agreed to a $90,000.00 purchase price and the Defendants agreed to purchase Gators, as a going concern, and to purchase all equipment, inventory and supplies, furniture, fixtures, and amenities. Additionally the Defendants agreed to assume responsibility for the existing lease or enter a new lease with Spectrum/ Vaughn Plaza, LLC.

The sale included intangibles such as a large customer base, experienced and trained staff, good will, over 15 years of perfected and renowned recipes, signage, telephone number, licenses and permits, and direct assistance with the transition of all existing employees to the new owners.

The purchase price ($90,000.00) was allocated, $30,000.00 to Spectrum/ Vaughn Plaza, LLC[4], $30,000.00 to Regions Bank, and $30,000.00 to the Internal Revenue Service.

Concurrent with the instant contract or letter of intent, Philip L. Goodwyn agreed to allow the Defendants to take immediate possession of the restaurant while Philip L. Goodwyn obtained releases from Regions Bank and the Internal Revenue Service. Consequently after September 24, 2004, the Defendants had sole possession of the restaurant and amenities.

---

[4]    Apparently, the Defendants had made arrangements to sign a note with Spectrum/ Vaughn Plaza, LLC, and were also obligated to enter a lease.

Regions Bank gave immediate approval to release its lien. After the Internal Revenue Service gave conditional approval to release its lien, counsel for the Plaintiffs notified Defendants' counsel that a closing should immediately be scheduled. One or two days later, (November 30, 2004) Defendants' counsel notified counsel for the Plaintiffs that the Defendants "…he has informed me that he is not no longer interested in the terms of the contract and has instructed me to write you a letter informing you of same. Accordingly, the offer to purchase is withdrawn…"

Later Spectrum/ Vaughn, LLC advertised the sale of some of the assets that were scheduled to be sold to the Defendants and these items were sold to V Restaurants, Inc., February 4, 2005, for $21,874.00.

Mr. Goodwyn subsequently filed a petition for an order of relief in the United States Bankruptcy Court, August 10, 2005. The instant filing was precipitated by the failure or refusal of the Defendants to purchase the restaurant and its amenities, a lawsuit filed by Regions Bank, and collection activities by the Internal Revenue Service.

As a result of these actions, the Plaintiffs initiated civil litigation against the Defendants under the legal theories referenced above.

(b) <u>The Defendant(s)</u>

The Plaintiff's have suffered no damages because of any alleged breach of contract by the Defendants.

The Defendants have not breached any restaurant purchase agreement.

The Defendants have not converted any property belonging to the Plaintiff's.

The Defendants have not been unjustly enriched in any manner resulting from their involvement with the Plaintiffs.

Any profitability experienced by the Defendants subsequent to their operation of Gators is the result of their efforts and not from the Plaintiffs business goodwill.

The Plaintiffs have not suffered any damages from the Defendants use of any assets belonging to the Plaintiffs.

The Defendants have not committed any fraud in any manner while involved with the Plaintiffs.

The Defendants have not participated in any civil conspiracy with anyone while involved with the Plaintiffs.

The Defendants have not committed any wantonness or willfulness in any manner while involved with the Plaintiffs.

Gators Restaurant is the subject of this litigation.

Gators Restaurant did not have a broad customer base, good will or a reputation for quality food.

Goodwyn has not had any serious offers to purchase the assets, goodwill and customer base.

While the parties may have agreed on a purchase price at some point, this purchase price anticipated much more than the payment of money.

The Defendants never agreed to assume responsibility for any existing Gators lease with the Spectrum.

Any purchase price negotiated between the parties did not anticipate nor provide for the transfer of any customer base, employees or goodwill.

The terms of the parties' agreement were stated in a letter of understanding dated September 24, 2004.

Vince Saele and V Restaurants never negotiated a $30,000.00 payoff of any Gators lease arrearage with the landlord.

Vince Saele and V Restaurants never negotiated a $30,000.00 payoff of any Gators liability to Regions Bank.

Vince Saele and V Restaurants never negotiated any anticipated $30,000.00 settlement of any debt to the Internal Revenue Service.

The Internal Revenue Service has not agreed to release of any Federal Tax Lien.

As of September 24, 2004, the Plaintiffs no longer had any interest that they could convey in the Gators Restaurant.

The real property lease of the Plaintiffs was terminated prior to October 22, 2004.

The Plaintiffs were not in a position on September 24, 2004, to convey good and marketable title to any real or personal property belonging to Simple Pleasures, Inc.

The Plaintiffs were not in a position on September 24, 2004, to convey good and marketable title to any real or personal property belonging to Phillip Goodwyn

The Plaintiffs were not in a position on October 22, 2004, to convey good and marketable title to any real or personal property belonging to Simple Pleasures, Inc.

The Plaintiffs were not in a position on October 22, 2004, to convey good and marketable title to any real or personal property belonging to Phillip Goodwyn

The Plaintiffs were not in a position on any date after October 22, 2004, to convey good and marketable title to any real or personal property belonging to Simple Pleasures, Inc.

The Plaintiffs were not in a position on any date after October 22, 2004, to convey good and marketable title to any real or personal property belonging to Phillip Goodwyn.

Federal tax liens against Phillip Goodwyn were not released as required by the agreement of September 24, 2004.

Federal tax liens filed against Simple Pleasures were not released as required by the agreement of September 24, 2004.

V Restaurant and Saele did not have sole and complete possession of the assets of Gators from September 24, 2004.

Any offer to purchase the Gators restaurant by the Defendants was withdrawn on October 22, 2004.

The Defendants have not allowed the Gators business to run down to the point of impossibility to salvage.

The Defendants refusal to purchase the Gators restaurant from the Plaintiff was for good cause.

The Plaintiffs are in violation of the agreement of September 24, 2004.

The Defendants are not in violation of the agreement of September 24, 2004.

During the majority of the time in which the Plaintiffs operated the Gators restaurant, the said business generated little if any profit.

The Defendants made no material misstatement of facts to the Plaintiffs that caused harm to the Plaintiffs.

The Defendants owe no duty to the Plaintiffs arising out of their relationship.

The Defendants have not acted in a wanton manner as it relates to their dealings with the Plaintiffs.

The Defendants have not acted in a willful manner as it relates to their dealings with the Plaintiffs.

The Defendants have not acted in concert with anyone in a manner that caused harm to the Plaintiff.

Time was of the essence as it relates to the sale of the subject Gators restaurant.

Time was of the essence and such was anticipated in the letter agreement of September 24, 2004.

The letter agreement of September 24, 2004, was not modified in any manner by the parties.

6. STIPULATIONS BY AND BETWEEN THE PARTIES:

(a) The authenticity and admissibility of the documents identified by the parties;

(b) That Spectrum/ Vaughn Plaza, LLC, would have released its claim against Philip Goodwyn and Simple Pleasures for $30,000.00 and a lease from the Defendants;

(c) Regions Bank would have released its claim against Philip Goodwyn and Simple Pleasure for a payment of $30,000.00;

(d) The Internal Revenue Service would have released its lien Simple Pleasure for a payment of $30,000.00;

(e) The Internal Revenue Service gave notice of its intent to release its lien less than 30 days after October 22, 2004;

(f) No money has been paid to the Plaintiffs by the Defendants under the letter of intent/ contract of September 22, 2004;

    (g) The Defendants immediately changed the locks and restricted possession after September 22, 2004;

    (h) The Defendants did not pay rent to Spectrum/ Vaughn Plaza, LLC, until after January 2005;

    (i) The Defendants have remained in constant and continuous possession of the Plaintiffs' rental space and amenities since September 24, 2004;

It is ORDERED that:

1. The jury selection and trial of this cause, which is to last 1-2 days, is set for March 26, 2007, at 10:00 a.m., in Courtroom 2-E of the Frank M. Johnson, Jr., United States Courthouse Complex, One Church Street, Montgomery, Alabama.

2. A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

3. The parties shall file any requested voir dire questions, motions in limine fully briefed, and proposed jury instructions and proposed verdict forms with legal citations thereon, on or before March 12, 2007.

4. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before March 19, 2007.

5. Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

6. Each party shall submit a sufficient number of copies of exhibits for the jury (one) and opposing counsel.

7. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

8. The parties shall notify Chambers of the undersigned on or before March 12, 2007, regarding any mediation efforts undertaken.

9. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 2) entered by the Court on October 5, 2006.

10. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the Court.

DONE this 5th day of March, 2007.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE