# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **SUSAN S. DEPAOLA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF PHILIP L. GOODWYN AND SIMPLE PLEASURES, INC.,** | **CASE NO.: 2:06-CV-00893-WKW** |
| **PLAINTIFFS,** | **(BANKRUPTCY CASE NO. 05-32325-CHAPTER 7)** |
| **V** | |
| **V. RESTAURANTS, INC., AND VINCE SAELE,** | **(BANKRUPTCY ADV. PRO. NO. 05-03062-WRS)** |
| **DEFENDANTS.** | |

## DEFENDANT'S REQUESTED JURY CHARGES

### BREACH OF CONTRACT

The Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn claim damages from the Defendants, V Restaurants, Inc and Vince Saele for breach of contract. A contract is an agreement to do a certain thing.

A contract is breached or broken when a party does not do what he promised to do in the contract. To recover damages from V Restaurants, Inc and Vince Saele for breach of contract, Simple Pleasures, Inc and Phillip Goodwyn must prove by a preponderance of the evidence all of the following:

1 That Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn and the Defendants, V Restaurants, Inc and Vince Saele entered into a contract;

2 That Simple Pleasures, Inc and Phillip Goodwyn did all of the things that the contract required of them;

3 That V Restaurants, Inc and Vince Saele failed to do the things that the contract required them to do; and

4 That Simple Pleasures, Inc and Phillip Goodwyn was harmed by that failure

The Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn and the Defendants, V Restaurants, Inc. and Vince Saele agree that they entered a contract on September 24, 2004. Therefore, as to the first element of this claim, the parties agree that the letter of September 24, 2004, is the document that reflects their agreement. You need not concern yourself with this element. This agreement is reflected in the letter of understanding that the parties signed on this September 24, 2004 date.

With the contract being admitted by both parties it will be your duty to determine from the evidence whether either party breached the contract and if so the amount of damages, if any, suffered by the other party as a result thereof.

In determining whether the Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn did all of the things that the contract required of them by this agreement, the law requires you to review this document to determine what the parties intended. Before the Plaintiffs can call upon the Defendants to perform their part of the contract, the Plaintiffs must first perform their part of the agreement.

# TIME

In making your determination, the law requires you to consider any time limitations and dates stated in the contract. Parties to a contract may make "time of the essence" by a clear statement of their intent to do so in the terms of their agreement. If you find that the Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn did not fulfill the terms of the agreement by the date as agreed upon then you will find for the Defendants, V Restaurants, Inc and Vince Saele on the breach of contract claim.

# GOOD TITLE

Aside from the time limitation in the contract, you are also to determine whether or not the Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn were able to convey this business with a good and clear title under the terms of the contract. You have heard evidence that the restaurant business was encumbered by liens. Unless otherwise agreed to in a contract, a Simple Pleasures, Inc and Phillip Goodwyn must discharge all liens and encumbrances and present V Restaurants, Inc and Vince Saele with a good and clear title before it can compel payment of the purchase price. Whether or not this presentation of good and clear title was accomplished by any agreed upon dates is a question for you the jury. A seller cannot compel a buyer to make a payment pursuant to a contract until the seller has presented good and clear title. If you find that the evidence supports the fact that the Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn could not convey a good and clear title to the restaurant by the agreed upon date then you will find for the Defendants, V Restaurants, Inc and Vince Saele on the breach of contract claim.

## SPECIAL INTERROGATORIES TO THE
## JURY – BREACH OF CONTRACT

1.    Do you find from the evidence that the Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn fulfilled the terms of the contract?

_____ Yes          _____No

2.    Do you find from the evidence that the Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn were able to convey a "good and clear title" to the Gators Restaurant location?

_____ Yes          _____No

3.    If your answer to question # 1 or # 2 is "No" then you will find for the Defendants on the Breach of Contract claim. If you find that question # 1 and # 2 both are to be answered as "Yes" then you must make a determination about other matters involving the contract.

4.    Do you find from the evidence that the parties to the contract in question made "time of the essence" in their agreement?

_____ Yes          _____No

5.    If your answer to question # 4 is "No" then you will find for the Defendants on the Breach of Contract claim. If you find that question # 4 to be answered as "Yes" then you must make a determination about whether or not the date that the Plaintiffs were in a position to convey a "good and clear title" was within a reasonable time.

6.    What date do you find that the Plaintiffs were in a position to convey a "good and clear title" to the subject Gators Restaurant?

The Plaintiffs were in a position to deliver "good and clear title" to the Defendants on or about _____ 200__

7.      Considering all of the facts and circumstances of the parties' agreement was the date stated in Question # 6 within a reasonable time?

_____ Yes          _____No

8.      If the answer to Question # 7 is "No" then you will find for the Defendants on the Breach of Contract claim.

## SUBSTANTIAL PERFORMANCE—DEFINITION

Substantial performance of a contract is performance of all its important parts, but does not require a full or exact performance of every slight or unimportant detail.

The Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn claim that they substantially performed under the terms of the agreement with the Defendants. The court charges the jury that one cannot recover for substantial performance unless they are in a position to deliver a good and clear title. The existence of liens and encumbrances upon any of the property to be transferred will prevent a recovery for substantial performance.

Unless the Plaintiffs prove to you by a preponderance of the evidence that they were in a position to convey the Gators Restaurant location along with its licenses and leases, equipment, office supplies, inventory, automobiles/delivery van, etc and any of the other assets located off-premises in storage building free of any liens according to the terms of their agreement, you are to find for the Defendants on the Substantial Performance claim. *Gadsden Brick Co. v. Cranford, 273 Ala. 37, 134 So.2d 421, (Ala. 1961).*

# CONVERSION

The parties agree that the Defendants, V Restaurants, Inc and Vince Saele were placed in possession of the Gators Restaurant by the Plaintiffs. A claim now made by the Plaintiffs is that the Defendants converted the property. A conversion is exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right. However before the Plaintiffs have a right to claim conversion, they must first demand the return of the property from the Defendants.

Under these circumstances the Plaintiffs, Simple Pleasures, Inc and Phillip Goodwyn must prove to you by a preponderance of the evidence that the Defendants, V Restaurants, Inc and Vince Saele failed to return the property following a demand by the Plaintiffs. *Shriner v. Meyer, 171 Ala. 112, 55 So. 156 (1911); Russell-Vaughn Ford, Inc. v. Rouse, 281 Ala. 567, 206 So.2d 371 (1968).*

# SPECIAL INTERROGATORIES TO THE
# JURY - CONVERSION

1.    Do you find by a preponderance of the evidence that the Defendants, V Restaurants, Inc and Vince Saele wrongfully withheld the restaurant location from the Plaintiffs following a demand for return of the Gators Restaurant location?

_____ Yes        _____ No

2.    If the answer to Question # 1 is "No" then you will find for the Defendants on the Conversion claim.

# WANTONNESS AND WILLFULNESS

"Wantonness" is the conscious doing of some act or the omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result.

"Willfulness" is the conscious doing of some act or omission of some duty under knowledge of existing conditions accompanied with a design or purpose to inflict injury.

Therefore, in "wanton conduct" and "wanton injury" a purpose or intent or design to injure is not an ingredient; and where a person from his knowledge of existing conditions and circumstances is conscious that his conduct will probably result in injury, yet, with reckless indifference or disregard of the natural or probable consequences, but without having an intent or design to injure, he does the act, or fails to act, he would be guilty of wantonness, but not of willfulness.

But, in "willful conduct" and "willful injury" a purpose or intent or design to injure is an ingredient; and where a person, with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he is guilty of willfulness.

However, a mere failure to perform a contractual obligation will not support a wantonness or willfulness claim. *Barber v. Business Products Center, Inc., 677 So.2d 223, (Ala. 1996).*

# SPEARATE CONSIDERATION FOR
# EACH DEFENDANTS

The case of each Defendant and the evidence pertaining to each Defendant should be considered separately and individually. The fact that you may find any one of the Defendants liable or not liable should not affect your decision as to any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is liable or not liable to the Plaintiffs.

# TERMINATION OF LEASEHOLD

Under the law a landlord can terminate (or end) a tenant's rights to occupy or possess rental property if the tenant has not complied with the terms of the lease. Should this happen, the tenant then looses all rights in that piece of rental property. There is evidence in this case that the landlord, Spectrum – Vaughan Plaza, L.L.C. terminated Simple Pleasure's, Inc. rights in the Gators Restaurant location. Following this termination, the Plaintiffs had no right to convey the leasehold interest and under the law would not be able to comply with the terms of the Letter of Understanding dated September 24, 2004. In other words' the Plaintiffs no longer had any interest in the leasehold to convey after the lease was terminated.

It is your job to determine if the Plaintiffs had any interest in the lease to convey to the Defendants once the Plaintiffs obtained "good title." If you find that the Plaintiffs' interest in the leasehold was terminated prior to the time the Plaintiffs may have had "good title" then you are to find for the Defendants on the breach of contract claim.

## SPECIAL INTERROGATORIES TO THE
## JURY – TERMINATION OF LEASEHOLD

1.      Do you find by a preponderance of the evidence that Simple Pleasure's, Inc. rights in the leasehold was terminated by the landlord, Spectrum – Vaughan Plaza, L.L.C.

_____ Yes        _____No

2.      If the answer to Questions # 1 is "Yes" then on what date do you find that the leasehold was terminated?

We the jury find that the leasehold of Simple Pleasures, Inc. was terminated on or about _____ 200__

3.      Was the date given in Questions # 2 before the date the Plaintiffs were in a position to convey "good title" to the Gator Restaurant location?

_____ Yes        _____No

# FRAUD

The term "fraud" is generally defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with resulting injury or damage.

In this instance the alleged misrepresentations that the Plaintiffs claim the Defendants fraudulently made are as follows:

*The Plaintiffs have yet to state any misrepresentations made by the Defendants except for the Defendants failure to purchase the Gators Restaurant.*

To prevail on this claim of fraud, therefore, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

1. That the Defendants made one or more of those alleged misrepresentations;

2. That the misrepresentation related to a material existing fact;

3. That the Defendants knew at the time they made the misrepresentation that it was false or acted with reckless disregard for its truth or falsity;

4. That the Defendants intended to induce the Plaintiffs to rely and act upon the misrepresentation; and

5. That the Plaintiffs "reasonably" relied upon the misrepresentation and suffered injury or damage as a result.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

To make a "misrepresentation" simply means to state as a fact something that is false or untrue.

To constitute fraud, then, a misrepresentation must not only be false, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

It must also relate to an "existing fact." Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of a claim for fraud unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it. Similarly, a mere expression of opinion does not

relate to an existing fact and cannot be the basis for a claim of fraud unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.

To constitute fraud the Plaintiffs must also prove that the Defendants made the misrepresentation knowingly and intentionally, not as a result of mistake or accident. It must be proved that the Defendants either knew of the falsity of the misrepresentation, or that the Defendants made the misrepresentation in reckless disregard for its truth or falsity.

Finally, to constitute fraud the Plaintiffs must prove that the Defendants intended for the Plaintiffs to rely upon the misrepresentation; that the Plaintiffs did in fact rely upon the misrepresentation; and that the Plaintiffs suffered injury or damage as a proximate result of the fraud.

## SPECIAL INTERROGATORIES TO THE
## JURY - CONVERSION

Do you find from a preponderance of the evidence:

1. That the Defendants made one or more of those alleged misrepresentations?

_____ Yes        _____No

2. That the misrepresentation related to a material existing fact?

_____ Yes        _____No

3. That the Defendants knowingly, or with reckless disregard for the facts, made the misrepresentation?

_____ Yes        _____No

4.  That the Defendants intended to induce the Plaintiffs to rely and

act upon the misrepresentation?

_____ Yes          _____No

5.  That the Plaintiffs "reasonably" relied upon the misrepresentation

and suffered injury or damage as a result?

_____ Yes          _____No

If you answered No to any of the preceding Questions you must find for

the Defendants and have your Foreperson sign below.

**RESPECTFULLY SUBMITTED** this the 12th day of March, 2007.


/s/ Daniel G. Hamm
_____
DANIEL G. HAMM (HAM043)
ATTORNEY FOR DEFENDANTS, V
RESTAURANTS, INC AND VINCE
SAELE
560 S. MCDONOUGH ST., STE. A
MONTGOMERY, ALABAMA 36104
TELEPHONE     334-269-0269
FAX               334-323-5666

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Defendant's Requested Jury Charges by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below.

**DONE** this the 12th day of March, 2007.

/s/ Daniel G. Hamm

DANIEL G. HAMM (HAM043)
ATTORNEY FOR DEFENDANTS, V
RESTAURANTS, INC AND VINCE
SAELE
560 S. MCDONOUGH ST.,STE.A
MONTGOMERY, ALABAMA 36104
TELEPHONE     334-269-0269
FAX               334-323-5666

Von Memory
James Day
469 S. McDonough Street
Montgomery, Alabama 36104