# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| SUSAN S. DEPAOLA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF PHILIP L. GOODWYN AND SIMPLE PLEASURES, INC., | CASE NO.: 2:06-CV-00893-WKW |
| PLAINTIFFS, | (BANKRUPTCY CASE NO. 05-32325-CHAPTER 7) |
| V | |
| V. RESTAURANTS, INC., AND VINCE SAELE, | (BANKRUPTCY ADV. PRO. NO. 05-03062-WRS) |
| DEFENDANTS. | |

## DEFENDANT'S MOTION IN LIMINE

**COME NOW** the defendants, V. Restaurants, Inc., and Vince Saele and moves *in limine* to for an Order prohibiting the introduction of and prohibiting any party from mentioning to the jury into evidence the following:

1. **Plaintiffs exhibit # 26.** Although no document is included behind tab #26 the index states "Notice of Internal Revenue Service Certificate of Discharge and Release of Lien" The Defendant is of the opinion that the Plaintiff speaks of the following item. A document entitled "Internal Revenue Service – Department of Treasury" and dated November 19, 2004 that purports to be correspondence from the Internal Revenue Service regarding a "Certificate of Discharge." This document is not relevant to the issues at hand and is precluded by *Rule 402, Fed.R.Evid.* Furthermore, the document, even if marginally relevant, will serve to confuse the issues and mislead the jury and is bared by *Rule 403, Fed.R.Evid.*

2. **Plaintiffs exhibit #'s 16, 22, 23, and 24.** Any and all correspondence from Plaintiff's counsel to any party or counsel involved in this litigation. Said correspondence is

hearsay and precluded from introduction by *Rule 801* and *802, Fed.R.Evid*. Said documents are not within an exception provided for by rule *803, Fed.R.Evid*. The aforementioned documents are not relevant to the issues at hand and are precluded by *Rule 402, Fed.R.Evid*.

3. **The testimony of any Internal Revenue Service employee without the proper 'Testimonial Authorization."** - The Defendants note that the Plaintiffs have listed an employee of the Internal Revenue Service as a possible witness.

   a. One of the issues in this case is whether or not the Plaintiffs complied with the September 24, 2004, Letter of Understanding that embodied the parties' agreement. In part, this agreement required the Plaintiffs to obtain the release of any and all liens they (Internal Revenue Service) may have against Phillip, individually or the business …"

   b. The Internal Revenue Manual states in part as it relates to testimony by an IRS employee:

   **"Requests or Demands by any Party (including other Government agencies) in a Case Not Involving Tax Administration.** Authorization is required when testimony or production of documents is sought in any case not involving tax administration. IRM 11.3.35.7(3). The prohibitions of Section 6103 generally bar the disclosure of tax records in non-tax litigation to which the Service or the United States is not a party." IRM 34.9.1.3(4)

   c. The above prohibition can be remedied by obtaining "Testimonial Authorizations" from the Service which serves to define the scope of the employee's testimony and will place limits on any testimony sought during cross-examination. *IRM 11.3.35.1*

   d. The Defendants have a right to a full and sifting cross-examination unlimited by any Testimonial Authorizations pursuant to *IRM 11.3.35.1*.

   e. The question of whether or not the subject liens were released is a purely legal matter and the Defendants have a right to have decisions regarding purely legal matters left to the Court. In addition, the testimony by any Service employee regarding documents provided to the Plaintiffs is akin to expert testimony and covered by *Rule 703, Fed.R. Evid*. of which the Plaintiffs have not given proper notice.

**WHEREFORE, THE PREMISES CONSIDERED**, Counsel for the Defendants pray that this Honorable Court will issue an order in limine preventing the suggestion, mention and questions which elicit information related to same before the jury to be impaneled in this case.

**RESPECTFULLY SUBMITTED** this the 12th day of March, 2007.

/s/ Daniel G. Hamm

DANIEL G. HAMM (HAM043)
ATTORNEY FOR DEFENDANTS, V RESTAURANTS, INC AND VINCE SAELE
560 S. MCDONOUGH ST., STE. A
MONTGOMERY, ALABAMA 36104
TELEPHONE     334-269-0269
FAX                  334-323-5666

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Defendant's Motion In Limine by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below.

**DONE** this the 12th day of March, 2007.

/s/ Daniel G. Hamm
_____
DANIEL G. HAMM (HAM043)
ATTORNEY FOR DEFENDANTS, V
RESTAURANTS, INC AND VINCE
SAELE
560 S. MCDONOUGH ST., STE.A
MONTGOMERY, ALABAMA 36104
TELEPHONE   334-269-0269
FAX         334-323-5666

Von Memory
James Day
469 S. McDonough Street
Montgomery, Alabama 36104

**MEMORY & DAY**
ATTORNEYS AT LAW

VON G. MEMORY
vgmemory@memorylegal.com
JAMES L. DAY
jlday@memorylegal.com

469 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104

TYSON-MANER HOUSE
THE NATIONAL REGISTER - 1888

TELEPHONE 334-834-8000
FACSIMILE 334-834-8001

MAILING ADDRESS
P.O. BOX 4054
MONTGOMERY, ALABAMA
36103-4054

October 11, 2004

Mr. Robert Smith, Jr.
Regions Bank
Special Assets Department
P.O. Box 511
Montgomery, AL 36101-0511

    Reference:   Simple Pleasures, Inc., d/b/a Gator's

Dear Robert:

    It is my understanding that Regions Bank has agreed to accept $30,000.00 from the proceeds of the pending sale of Simple Pleasures, Inc. in full settlement of the above debt. If my understanding is correct, please confirm this agreement in writing. The only other matter to be resolved is an agreement with the Internal Revenue Service.

                                                  Sincerely,

                                                  Memory & Day

                             By:   */s/ Von B. Memory/pkh*
                                     Dictated by Von G. Memory
                                     Signed in his absence

VGM/pkh

## MEMORY & DAY
### ATTORNEYS AT LAW

VON G. MEMORY
vgmemory@memorylegal.com
JAMES L. DAY
jlday@memorylegal.com

469 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104

TYSON-MANER HOUSE
THE NATIONAL REGISTER - 1888

TELEPHONE 334-834-8000
FACSIMILE 334-834-8001

MAILING ADDRESS
P.O. BOX 4054
MONTGOMERY, ALABAMA
36103-4054

August 10, 2004

**VIA FACSIMILE 290-4095**

Ms. L. C. Wilson
United States Department of Treasury
Internal Revenue Service
1285 Carmichael Way
Montgomery, LA 36106

      Reference:   Simple Pleasures, Inc. (63-1095373)/
                          Philip Goodwyn (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)

Dear Ms. Wilson:

      This letter follows our telephone conversation earlier today regarding the above taxpayers.

      As has been explained by Mr. Goodwyn in correspondence, also in our telephone conversation, Simple Pleasures, Inc. has received a proposal or offer to purchase the business known as Gator's, located at 5040 Vaughn Road, Montgomery, Alabama. It is my information that the purchase offer is approximately $120,000.00 for the business and all of the restaurant amenities. Unfortunately, this offer falls far short of paying the debts and obligations owed by Simple Pleasures, Inc. Regardless, Mr. Goodwyn is not able to continue, for personal reasons, in this venture.

      I do not have current information regarding the bifurcated indebtedness on the Internal Revenue Service; however, my clients are willing to offer $40,000.00 from the proposed offer to satisfy the personal and corporate obligations. I am advised by Mr. Goodwyn that you applied the check from my office (approximately $25,000.00) to the corporate obligation. I hope that this information is incorrect in that I specifically instructed that the check proceeds were to be paid towards the trust fund portion. Consequently, this is a matter

Von G. Memory                               Page 2                              8/10/2004

that will have to be sorted out at a later point. Regardless, at least for the present, allow me to go on.

    I want to bring to your attention another matter which should be weighed in the determination of the IRS. Simple Pleasures, Inc., August 28, 2002, borrowed a substantial sum from Regions Bank and pledged the restaurant amenities as collateral. The current balance is $84,000.00. Also, the landlord is owed another $85,000.00 and will most assuredly claim or insist upon the lien. Finally, another $30,000.00 to $50,000.00 is owed, unsecured, to vendors and other materialmen.

    Based upon the foregoing, I encourage the Internal Revenue Service to accept **$40,000.00** in full satisfaction of the current balance owed by Simple Pleasures, Inc. and Philip Goodwyn. Unfortunately, if the current sale does not work and the restaurant closes, there will be no ability by the corporation to pay its portion and you are obviously aware that Mr. Goodwyn has limited personal ability on the trust fund portion. Consequently, a $40,000.00 recovery would be significant on the part of the IRS.

                                      Sincerely,

                                        Memory & Day

                             By: _____
                                    Von G. Memory

VGM/pkh

```
                                                                                    P. 1
  TRANSMISSION  REPORT

                                 (TUE) AUG 10 2004 10:26

                                 DOCUMENT#     : 5000178-650
                                 TIME STORED   : 10:25, 8/10
                                 TIME SENT     : 10:25, 8/10
                                 DURATION      : 46sec
                                 MODE          : ECM

USER NAME    :
DESTINATION  : 2904095
DEST.NUMBER  : 2904095
F CODE       :

PAGES        : 2 sheets
RESULT       : OK
```

# MEMORY & DAY
## ATTORNEYS AT LAW

469 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104

TYSON-MANER HOUSE
THE NATIONAL REGISTER - 1888

TELEPHONE 334-834-8000
FACSIMILE 334-834-8001

MAILING ADDRESS
P.O. BOX 4054
MONTGOMERY, ALABAMA
36103-4054

VON G. MEMORY
vgmemory@memorylegal.com
JAMES L. DAY
jlday@memorylegal.com

August 10, 2004

**VIA FACSIMILE 290-4095**

Ms. L. C. Wilson
United States Department of Treasury
Internal Revenue Service
1285 Carmichael Way
Montgomery, LA 36106

# MEMORY & DAY
## ATTORNEYS AT LAW

VON G. MEMORY
vgmemory@memorylegal.com
JAMES L. DAY
jlday@memorylegal.com

469 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104

TYSON-MANER HOUSE
THE NATIONAL REGISTER - 1888

TELEPHONE 334-834-8000
FACSIMILE 334-834-8001

MAILING ADDRESS
P.O. BOX 4054
MONTGOMERY, ALABAMA
36103-4054

September 10, 2004

Ms. L. C. Wilson
United States Department of Treasury
Internal Revenue Service
1285 Carmichael Way
Montgomery, LA 36106

    Reference:   Simple Pleasures, Inc. (63-1095373)
                         Philip Goodwyn (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)

Dear Ms. Wilson:

    I am writing on behalf of Philip Goodwyn and Simple Pleasures, Inc. It is anticipated that Mr. Goodwyn's restaurant will be the subject of a sale. However, I would like to wait until I have a copy of a signed contract for the sale before I finalize Mr. Goodwyn's application for discharge of lien. Also, with the application, I intend to provide you the amount that will be offered to accomplish a release.

                                                  Sincerely,

                                                  Memory & Day

                                   By: _____
                                          Von G. Memory

VGM/pkh

# MEMORY & DAY
## ATTORNEYS AT LAW

Von G. Memory
vgmemory@memorylegal.com
James L. Day
jlday@memorylegal.com

469 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104

TYSON-MANER HOUSE
THE NATIONAL REGISTER - 1888

TELEPHONE 334-834-8000
FACSIMILE 334-834-8001

MAILING ADDRESS
P.O. BOX 4054
MONTGOMERY, ALABAMA
36103-4054

September 28, 2004

**VIA FACSIMILE 290-4095**

Ms. L. C. Wilson
Internal Revenue Service
1285 Carmichael Way
Montgomery, LA 36106

    Reference:    Simple Pleasures, Inc. (63-1095373)
                        Philip Goodwyn (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)

Dear Ms. Wilson:

    Pursuant to the Simple Pleasures sale, I am enclosing herewith a contract. You will notice that the consideration is $90,000.00. This amount is not nearly sufficient to take care of all the liens. You will remember that Regions Bank has a lien for approximately $100,000.00 and the landlord has a similar lien. I do not know where the lien of the Internal Revenue Service falls. However, I would like to encourage the Internal Revenue Service to accept $40,000.00 in full satisfaction of the current obligations owed by Simple Pleasures and Philip Goodwyn.

                                              Sincerely,

                                              Memory & Day

                                    By: _____
                                          Von G. Memory

VGM/pkh
Enclosure

*[Page rotated 90°. Contents: a fax transmission report and the first page of a letter.]*

```
           TRANSMISSION REPORT

                              (TUE) SEP 28 2004 12:42        P. 1

USER NAME     :
DESTINATION   : 2904095            DOCUMENT#    : 5000178-900
DEST. NUMBER  : 2904095            TIME STORED  : 12:39,  9/28
F CODE        :                    TIME SENT    : 12:39,  9/28
                                   DURATION     : 3min,16sec
                                   MODE         : ECM
PAGES         : 9 sheets
RESULT        : OK
```

MEMORY & DAY
ATTORNEYS AT LAW

469 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104

TYSON-MANER HOUSE
THE NATIONAL REGISTER - 1888

TELEPHONE 334-834-8000
FACSIMILE 334-834-8001

MAILING ADDRESS
P.O. BOX 4054
MONTGOMERY, ALABAMA
36103-4054

VON G. MEMORY
vgmemory@memorylegal.com
JAMES L. DAY
jlday@memorylegal.com

September 28, 2004

<u>**VIA FACSIMILE 290-4095**</u>

Ms. L. C. Wilson
Internal Revenue Service
1285 Carmichael Way
Montgomery, LA 36106

Reference:   Simple Pleasures, Inc. (63-1095373)