# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| SUSAN S. DEPAOLA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF PHILIP L. GOODWYN AND SIMPLE PLEASURES, INC., | CASE NO.: 2:06-CV-00893-WKW |
| PLAINTIFFS, | (BANKRUPTCY CASE NO. 05-32325-CHAPTER 7) |
| V | |
| V. RESTAURANTS, INC., AND VINCE SAELE, | (BANKRUPTCY ADV. PRO. NO. 05-03062-WRS) |
| DEFENDANTS. | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT LIST

**COME NOW** the Defendants, V Restaurants, Inc. and Vince Saele, by and through the undersigned counsel and file their response to the Plaintiff's Objection to Defendant's Exhibit List by stating the following:

1. Counsel for the Defendants filed their pretrial disclosures on February 14, 2007.

2. Counsel for the Plaintiff's left a copy of exhibits at Defendants counsel's office that purported to be those that the Plaintiff will rely upon at trial.

3. Following the review of the Plaintiff's exhibits, defense counsel noticed that the documents the Defendants would be using as exhibits were included in the Plaintiff's

exhibits or had been produced to counsel earlier through motions for summary judgment or other filings in this case. In the Defendant's pre-trial disclosures, an entry stated that some of the documents that the Defendant would rely on included those documents in the Plaintiff's pre-trial disclosure list. This entry is among other items identified by the Defendants as being documents upon which the Defendants will rely.

4. The Plaintiffs have in their possession copies of all documents that either party would rely upon at trial.

5. The only documents on the Defendants exhibit list that may become admissible are the correspondence and notes that remained on a computer left at Gator's Restaurant following the departure of the Plaintiff which the Defendants will only use for the purpose of impeachment if necessary and are not required productions.

**WHEREFORE,** the Defendants respond that the recently filed Plaintiff's Objection to Defendant's Exhibit List may be brought about by confusion over an extensive pre-trial list of documents provided by the Defendants and should the Plaintiffs wish to copy the subject documents, they will be available in defense counsel's office for said copying by Plaintiff's counsel.

**RESPECTFULLY SUBMITTED** this the 19th day of March, 2007.

/s/ Daniel G. Hamm

DANIEL G. HAMM (HAM043)
ATTORNEY FOR DEFENDANTS, V
RESTAURANTS, INC AND VINCE
SAELE
560 S. MCDONOUGH ST., STE. A
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX          334-323-5666

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Defendant's Response to Plaintiff's Objection to Defendant's Exhibit List by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below.

**DONE** this the 19th day of March, 2007.

/s/ Daniel G. Hamm
_____
DANIEL G. HAMM (HAM043)
ATTORNEY FOR DEFENDANTS, V
RESTAURANTS, INC AND VINCE
SAELE
560 S. MCDONOUGH ST., STE.A
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX          334-323-5666

Von Memory
James Day
469 S. McDonough Street
Montgomery, Alabama 36104