# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **SUSAN S. DEPAOLA, Chapter 7 Trustee for the Bankruptcy Estate of Philip L. Goodwyn, and SIMPLE PLEASURES, INC.,**<br><br>  Plaintiffs,<br><br>v.<br><br>**V RESTAURANTS, INC., an Alabama corporation, and VINCE SAELE, an individual,**<br><br>  Defendants. | **Case Number: 06-00893-WKW-SRW**<br><br><br><br>**Bankruptcy Case No. 05-32325 – Chapter 7, Bankruptcy Adv. Pro. No. 05-03062-WRS** |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COME NOW the Plaintiffs, Susan S. DePaola and Simple Pleasures, by and through counsel, and for response to a document filed by the Defendants entitled "Motion to Dismiss-Fraud Count", say as follows:

1. The Defendants have advanced a motion to dismiss the Plaintiffs' fraud count, as pled in the Plaintiffs' complaint, January 28, 2005. In the instant motion, the Defendants cite the following rules: Fed. R. Civ. P. 12 and Ala. R. Civ. P. 12.

2. In pertinent part, Fed. R. Civ. P. rule 12 states:

    Rule 12. Defenses and Objections--When and How Presented--By Pleading or Motion--Motion for Judgment on the Pleadings

    (a) When Presented.

    (1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer

    (A) within 20 days after being served with the summons and complaint,…

3. Ala. R. Civ. P. rule 12 states:

> Rule 12. Defenses and Objections--When and How Presented--By Pleading or Motion--Motion for Judgment on the Pleadings
>
> (a) When Presented. A defendant shall serve an answer within thirty (30) days after the service of the summons and complaint upon that defendant except when service is made by publication and a different time is prescribed under the applicable procedure. A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within thirty (30) days after the service upon that party.

4. This case was originally filed in the Circuit Court of Montgomery County, Alabama, Case Number 2005-306, February 3, 2005.

5. Defendants V Restaurants and Vince Saele filed a motion to dismiss the complaint as to them pursuant to rule 12(b)6 of the Ala. R. Civ. P., for failure of the Plaintiffs to state a claim upon which relief can be granted, March 10, 2005. This motion was timely based upon the Alabama Rules.

6. The Circuit Court of Montgomery County entered an order denying the Defendant's motion to dismiss, March 16, 2005.

7. The Defendants answered the complaint, March 25, 2005, and specifically answered and addressed the fraud count in their answer.

8. On August 10, 2005, Plaintiff Goodwyn filed a voluntary petition 3 under Chapter 7 of Title 11, United States Bankruptcy Code, 11 U.S.C. § 101 et seq. Susan S. DePaola was appointed Interim Trustee, August 11, 2005.

9. The instant case was removed from the Circuit Court of Montgomery County, Alabama, August 12, 2005.

10. In the adversary proceeding, the Defendants filed a motion for summary judgment, March 14, 2006. In the Defendants;' motion, in pertinent part and with respect to the fraud claim by the Plaintiffs, they alleged:

> Fraud: The Plaintiff has produced 1) no evidence of a false representation of a material fact nor is there 2) a specified time, place or date as required by Rule 9, Federal Rules of Civil Procedure upon which any misrepresentation was made by the Defendants. [*Defendants Motion for Summary Judgment*, March 14, 2006, Page 2 of 2]

11. The bankruptcy court entered an order denying the Defendants' motion for summary judgment, June 09, 2006, and with respect to the fraud count, in its memorandum decision the court stated as follows:

> Additionally, a claim of fraud is generally not susceptible to summary judgment.  See Freedlander, Inc., The Mortg.People v. NCNB Nat.Bank of North Carolina, 706 F.Supp. 1211, 1212 (E.D. Va. 1988)(summary judgment is seldom appropriate in cases where particular states of mind are involved in the claim or defense); Dial v. Morgan, 525 So.2d 1362, 1364 (Ala. 1982)("questions of intent are seldom appropriate for disposition by summary judgment"); Modicon, Inc. v. Shelnutt (In re: Shelnutt), 150 B.R. 436, 438 ("fraud is not generally susceptible to summary judgment.").

[Memorandum Decision, June 8, 2006, Hon. William R. Sawyer, Page 6]

12. The Defendants filed a motion for Withdrawal of Reference and Transfer of Adversary Proceeding to the District Court.

13. After the case was withdrawn to the United States District Court for the Middle District of Alabama, the Defendants filed its motion for district court's reconsideration of summary judgment, December 13, 2006. This was effectively the Defendants' "third bite of the apple' in an effort to dismiss the fraud count.

14. This Honorable Court entered and order denying motion for reconsideration, March 05, 2007.

15. In response to the court's order, February 14, 2007, the parties coordinated and submitted a proposed pretrial order. This order was entered by the court, after a motion to vacate and response, March 8, 2007. With respect to the pleadings, the instant pretrial order (after coordination and agreement by the Defendants) stated, "There have been no amendments to the pleadings and the referenced pleadings are hereby ALLOWED and incorporated into this pretrial order".

16. The Defendants subsequently filed their motion to dismiss the fraud count, March 12, 2007.

17. The Defendants filed a motion to dismiss in the Circuit Court of Montgomery County dismissed, advanced an answer to the complaint, moved for summary judgment twice on the fraud count, and accepted the pleadings without amendment and allowed them to be incorporated into the pretrial order. They now seek to dismiss the fraud count because:

> 2. One of the counts in the original complaint alleges fraud on the part of the Defendants. Defendants allege that the averment in the complaint is not sufficient to satisfy pleading requirement of Rule 9, Ala.R.Civ.Proc. or Rule 9, Fed.R.Civ.Proc. in that the averment fails to possess particularity necessary for a fraud count. The complaint fails to state the time, place and the contents or substance of any false representations as required by the rules of pleadings.
>
> 3. Pursuant to Rule 9(b) Ala.R.Civ.Proc. allegations of fraud "shall be stated with particularity." The committee comments to the rule explain that "[t]he pleading must show time, place and the contents or substance of the false representations."

18. The instant averments are not timely because the fraud counts have survived one motion to dismiss, and two attempts at summary judgment. Moreover, the Defendants have filed their answer without objection. Finally, the next recognized step that normally follows and would be available to the Defendants to test the legal sufficiency would be at the directed verdict stage.

WHEREFORE, it is respectfully requested that the Defendants' motion to dismiss be overruled or denied.

Respectfully submitted on March 19, 2007.

                                                Memory & Day

By:   /S/ James L. Day
       James L. Day
       ASB-1256-A55J

       Von G. Memory
       ASB-8137-071V

       Attorneys for Plaintiffs

OF COUNSEL:

Memory & Day
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☒ placing same in the United States Mail, postage prepaid, and properly addressed

☐ E-mail

☐ facsimile

☐ hand delivery

☐ delivered in open court

on March 19, 2007.

Daniel G. Hamm, Esq.
560 South McDonough St.
Montgomery, Alabama 36104

- 6 -

/S/James L. Day
James L. Day