IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **SUSAN S. DEPAOLA, Chapter 7 Trustee for the Bankruptcy Estate of Philip L. Goodwyn, and SIMPLE PLEASURES, INC.,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**V RESTAURANTS, INC., an Alabama corporation, and VINCE SAELE, an individual,**<br><br>    **Defendants.** | **Case Number: 06-00893-WKW-SRW**<br><br><br><br>**Bankruptcy Case No. 05-32325 – Chapter 7, Bankruptcy Adv. Pro. No. 05-03062-WRS** |

**PLAINTIFFS' RESPONSE AND OBJECTION TO THE DEFENDANTS' MOTION IN LIMINE**

COME NOW the Plaintiffs, Susan S. DePaola and Simple Pleasures, by and through counsel, and for response to a document filed by the Defendants entitled "Motion in Limine", advance their objection, and say as follows:

1.   The Defendants filed a motion in limine, March 12, 2007, in which they petitioned the court to exclude certain evidence which they allege is inadmissible and/or prejudicial to the Defendants.

2.   "Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is **clearly inadmissible for any purpose**."); National Union v. L.E. Myers Co. Group, 937 F.Supp. 276, 287 (S.D.N.Y.1996) (Court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded."), Sears v. PHP of Alabama, Inc. 2006 WL 1223302, *2 (M.D.Ala.) (M.D.Ala.,2006). [**Emphasis added**].

3. "A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to or offering evidence on matters so **highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds**." <u>O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n. 1</u> (5 Cir.1977).

4. "Such a motion is in effect an **evidentiary objection** made in advance of trial…", cited in <u>Armstrong v. HRB Royalty, Inc.</u> 2005 WL 3272451, *3 (S.D.Ala.) (S.D.Ala.,2005) [**Emphasis added**]

5. The Internal Revenue Service previously filed a lien on the Plaintiffs for an approximately $110,000.00 debt to the Internal Revenue Service.

6. The parties to this proceeding entered into negotiations that resulted in a contract for sale of the Plaintiffs' business and personal property.

7. A material term of this agreement was release of the federal tax lien against Phillip Goodwyn and, as a result of negotiations on the part of the Plaintiffs, it is alleged that the Internal Revenue Service agreed to conditional approval for discharge of the federal tax lien.

8. On the day the Internal Revenue Service gave their approval, or conditional approval, to release its lien, counsel for the Plaintiffs notified the Defendants, through their counsel, that a closing should be scheduled. Two to three days later, the Plaintiffs were notified by the Defendants that they were "no longer interested in the terms of the contract" and withdrew their offer to purchase Gators.

9. In the order on pretrial hearing, the Defendants allege that:

    a. The Internal Revenue Service has not agreed to release of any Federal Tax Lien.

    b. Federal tax liens against Phillip Goodwyn were not released as required by the agreement of September 24, 2004.

*Order on Pretrial Hearing*, paragraph 5, Contentions of the Parties, (b) The Defendant(s), March 5, 2007.

10. In response to the Defendants' contentions (previously and now because of the Defendants' contentions for trial), the Plaintiffs elected to call a field agent of the Internal Revenue Service to provide documentation showing that the Internal Revenue Service agreed to release their lien for approximately $30,000.00[1]. The field agent will provide the original document, "Notice of Internal Revenue Service Certificate of Discharge and Release of Lien" to authenticate the writing and to provide the amount agreed by the Internal Revenue Service. This document represents the exhibit declared as Exhibit "26".

11. The Defendants further cite Internal Revenue Service manual ("IRM") 11.3.35.7 suggesting that "Authorization is required when testimony or production of documents is sought in any case not involving tax administration."

12. First, this is an objection which would be more properly made, if at all, by the Internal Revenue Service.

13. Second, although IRM 11.3.35.7, restricts the authorization of testimony of representatives of the Internal Revenue Service, Delegation Order 11-2 sets forth the IRS officials who may authorize testimony or disclosure of IRS records or information in response to certain requests and demands for such information.

---

[1] This amount could be as high as $40,000.00 and will be the subject of the testimony of L.C. Wilson.

14. In Delegation Order 11-2 there are tables on testimony authorizations, which specify which judicial or administrative proceedings do or do not require testimony authorizations. In each table, examples of the proceeding are given, and the responsible officials for both preparing and either authorizing or denying the testimony are listed.

15. Delegation Order 11-2, IRC 6103(k)(1), "allows disclosure of accepted offers-in-compromise by SB/SE and W&I Area Managers; Appeals Directors, Field Operations; National Taxpayer Advocate; Associate Chief Counsel; Division Counsel; Counsel to National Taxpayer Advocate; Disclosure Officers".

16. Also, IRC 6103(k)(2), "allows disclosure of the amount of outstanding obligation secured by a lien, notice of which was filed pursuant to IRC 6323(f) by SB/SE and W&I Area Managers; Appeals Directors, Field Operations; National Taxpayer Advocate; Associate Chief Counsel; Division Counsel; Counsel to National Taxpayer Advocate; SB/SE Property Appraisal and Liquidation Specialists; Disclosure Officers".

17. With respect to alleged expert testimony, Agent L.C. Wilson is not being called to proivde expert testimony or render an expert opinion. Her testimony will specifically authenticate the *Notice of Internal Revenue Service Certificate of Discharge and Release of Lien* and that the Internal Revenue Service release to discharge amount was equal to the approximate amount stated by the Plaintiffs. Any testimony elicited from L.C. Wilson will be factual and (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702, Fed. R. Evid. R. 701.

18. Finally the Defendants object to Plaintiffs exhibit #'s 16, 22, 23, and 24, stating that this correspondence is "…hearsay and precluded from introduction by Rule 801 and 802,

Fed.R.Evid. Said documents are not within an exception provided for by rule 803, Fed.R.Evid. The aforementioned documents are not relevant to the issues at hand and are precluded by Rule 402, Fed.R.Evid."

19. These letters reflect communications between counsel for the Plaintiffs and a representative of Regions Bank and communications between counsel for the Plaintiffs and a field representative of the Internal Revenue Service.

20. Again, in their contentions from the order on pretrial hearing, paragraph 5, contentions of the Parties, the Defendants allege:

    a. Vince Saele and V Restaurants never negotiated a $30,000.00 payoff of any Gators liability to Regions Bank.

    b. The Internal Revenue Service has not agreed to release of any Federal Tax Lien.

    c. Federal tax liens against Phillip Goodwyn were not released as required by the agreement of September 24, 2004.

    d. Federal tax liens filed against Simple Pleasures were not released as required by the agreement of September 24, 2004.

*Order on Pretrial Hearing*

21. Exhibit #'s 16, 22, 23, and 24 reflect records of regularly conducted activity, and is a hearsay exception, Fed. R. Evid. 803 (6). These exhibits are records of "acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness", id.

22. It is important to note that with respect to each of the Defendants' objections, certain contentions were made primarily to the existence or viability of a settlement by the Plaintiffs with both the Internal Revenue Service and Regions Bank. The Defendants then object to the admission or request exclusion of evidence that specifically addresses and counters their contentions.

23. The Plaintiffs further aver that said evidence fails to rise to the level of being "clearly inadmissible for any purpose" nor is it "so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds".

WHEREFORE, it is respectfully requested that the Defendants' motion in limine be overruled or denied in its entirety.

Respectfully submitted on March 19, 2007.

                              Memory & Day

                By:    /S/ James L. Day
                      James L. Day
                      ASB-1256-A55J

                      Von G. Memory
                      ASB-8137-071V

                      Attorneys for Plaintiffs

OF COUNSEL:

Memory & Day
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☐ E-mail

☐ facsimile

☐ hand delivery

☐ delivered in open court

on March 19, 2007.

Daniel G. Hamm, Esq.
560 South McDonough St.
Montgomery, Alabama 36104

                              /S/James L. Day
                              James L. Day