# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| SUSAN S. DEPAOLA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF PHILIP L. GOODWYN AND SIMPLE PLEASURES, INC., | CASE NO.: 2:06-CV-00893-WKW |
| PLAINTIFFS, | (BANKRUPTCY CASE NO. 05-32325-CHAPTER 7) |
| V | |
| V. RESTAURANTS, INC., AND VINCE SAELE, DEFENDANTS. | (BANKRUPTCY ADV. PRO. NO. 05-03062-WRS) |

## DEFENDANTS' MOTION IN LIMINE

**COME NOW** the defendants, V. Restaurants, Inc., and Vince Saele and moves *in limine* to for an Order precluding testimony or documents that states, suggests or implies that any Federal Tax liens have been removed. Said motion is based on *Rule 801 802,* and *1005 Fed.R.Evid.* and the following averments:

1. **Background.** On or about September 24, 2004, the Plaintiffs and Defendants entered a letter of understanding for the sale and purchase of the Gator Restaurant location in Montgomery, Alabama. The aforesaid letter of understanding has now been made a part of the pleading, briefs and motions filed in this case and the making and contents of said letter of understanding is not the subject of dispute. In part this letter of understanding states "and that the property transferred shall be transferred without any liens or encumbrances whatsoever." In addition to this, the letter went on to state that $30,000 would be paid to IRS for the release of any and all liens they may have against Phillip [Goodwyn], individually or the business"

2. **March 29, 2007 Pre-trial/Motion/Status Conference.** During the recent hearing conducted before this Court on March 29, 2007, the Court inquired about the length

of time for a trial. Plaintiff's counsel responded by saying that to the testimony of L. C. Wilson, one of their witnesses, an objection (the undersigned's paraphrase) had been received. The Court then inquired of Plaintiff's counsel whether the case could proceed and Plaintiff's counsel responded by saying that the evidence would be introduced by other testimony. As of this writing, Defense counsel sees no objection filed with the Court as to any witness.

      3. Plaintiff voir dired the jury as to only a few witnesses, none of whom is competent to testify as to the release of any tax lien. In order to preclude the introduction of inadmissible testimony, the Defendant now moves this Court for an order that prohibits the Plaintiff and Plaintiff's witnesses from offering any testimony that any tax liens have been, or were to be released without first laying the proper foundation and receiving a ruling from this Court.

      4. In addition to the above, the Defendant asserts that the release of any Federal tax lien is not the subject of oral testimony pursuant to *Rule 1005 Fed.R.Evid.*:

      5. *26 U.S.C. 6325* addresses the manner by which a tax lien is released:

> **6325(f)** EFFECT OF CERTIFICATE. —
>
> **6325(f)(1)** CONCLUSIVENESS. —Except as provided in paragraphs (2) and (3), if a certificate is issued pursuant to this section by the Secretary and is filed in the same office as the notice of lien to which it relates (if such notice of lien has been filed) such certificate shall have the following effect:
>
> **6325(f)(1)(A)** in the case of a certificate of release, such certificate shall be conclusive that the lien referred to in such certificate is extinguished;

      6. The tax liens encumbering all property owned by the Defendants are filed in the Montgomery County Probate Judge's office. Any release of these liens will, in conformity with the statute, be a public record in that same office and *Rule 1005 Fed.R.Evid.* provides the method and manner of proving the existence of said release.

      7. Parol testimony as to the release of any tax lien is inadmissible and will prejudice and mislead the jury to the point of requiring a mistrial.

      **WHEREFORE, THE PREMISES CONSIDERED**, Counsel for the Defendants pray that this Honorable Court will issue an order in limine preventing the suggestion, mention and questions which elicit information related to the release of any tax liens without first establishing a proper predicate and receiving a ruling by this Court.

**RESPECTFULLY SUBMITTED** this the 1st day of April, 2007.

/s/ Daniel G. Hamm
_____
DANIEL G. HAMM (HAM043)
ATTORNEY FOR DEFENDANTS, V
RESTAURANTS, INC AND VINCE
SAELE
560 S. MCDONOUGH ST., STE. A
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX          334-323-5666

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Defendants' Motion In Limine by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below.

**DONE** this the 1st day of April, 2007.

/s/ Daniel G. Hamm
_____

DANIEL G. HAMM (HAM043)
ATTORNEY FOR DEFENDANTS, V
RESTAURANTS, INC AND VINCE
SAELE
560 S. MCDONOUGH ST.,STE.A
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX                334-323-5666

Von Memory
James Day
469 S. McDonough Street
Montgomery, Alabama 36104