IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SUSAN S. DEPAOLA, Chapter 7 Trustee for the Bankruptcy Estate of Philip L. Goodwyn, and SIMPLE PLEASURES, INC., | ) ) ) ) | Case No. 2:06-cv-00893-WKW |
| | ) | |
| Plaintiffs, | ) ) | (Bankruptcy Case No. 05-32325-Chapter 7) |
| v. | ) ) | (Bankruptcy Adv. Pro. No. 05-03062-WRS) |
| V RESTAURANTS, INC., and VINCE SAELE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this

case.

When I have finished you will go to the jury room and begin your discussions - - what we

call your deliberations.

### I. Introductory Instructions

Consideration Of The Evidence, Duty To Follow Instructions, Corporate Party Involved.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you

agree with that law or not; and you must not let your decision be influenced in any way by

sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.

1

A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Credibility of Witnesses. Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

2

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Compensatory and Punitive Damages. Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured or damaged as the result of an act on the part of the defendant. Punitive or exemplary damages are allowed to the plaintiff and may be awarded in the sound discretion of the jury in cases where the plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Impeachment of Witnesses - - Inconsistent Statement. You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a

3

witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Burden of Proof. In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

## II. Causes of Action

Contract Claim. The plaintiff in this action, Simple Pleasures, Inc., sues the defendant, V Restaurants, Inc., for breach of contract. A contract is an agreement between two or more persons or parties based upon a valuable consideration to do or refrain from doing a particular lawful act. The parties agree and stipulate that the September 24, 2004, letter is a valid contract.

The elements of an action for breach of contract are:

1.    Existence of a contract between plaintiff and defendant.

2.    Performance by the plaintiff, or substantial performance, or a state of being ready, willing, and able to perform by the plaintiff.

4

3.    Defendant's failure to perform.

4.    Resulting damage to the plaintiff.

Substantial performance of a contract is performance of all its important parts, but does not require a full or exact performance of every slight or unimportant detail.

It is undisputed that the parties had a contract to sell the personal property of Gator's Restaurant. The defendant, V Restaurants, Inc., has claimed the plaintiff, Simple Pleasures, Inc., did not timely perform its part of the agreement by failing to close on October 22, 2004. You must decide whether the plaintiff failed to perform its obligations under the contract by failing to close on that date. If you find that the plaintiff did not fail in its obligations under the contract and either met those obligations or was ready to meet them, you must consider whether the defendant breached the agreement by revoking its offer on November 30, 2004.

In making your determination, the law requires you to consider any time limitations and dates stated in the contract. It is a general rule that time is not of the essence of a contract. However, the parties to a contract may make time of its essence by a clear manifestation of their intent to do so in the terms of their agreement. It is for you to determine whether it was the intent of the parties that time be of the essence of this contract. If you find that the parties did not intend for the date of closing to be essential to the purpose of the contract, the parties must still have performed in a reasonable time.

The intent of the parties to a contract is determined by considering the relationship of the parties, what they said and what they did and all the surrounding circumstances. You will consider the nature of the contract, the facts and circumstances leading up to and attending its execution, the relation and condition of the parties, the nature and condition of the subject matter

5

and apparent purpose of making the contract. From a careful consideration of all of these matters you will determine from the evidence the intention of the parties at the time of the execution of the contract and render a verdict based upon the intention of the parties. You will not attempt to alter the expressed intention of the parties if they are clear and unambiguous. A person's secret intent has no bearing; only the intent indicated by his words and acts may be considered.

If you find for the plaintiff on the contract claim, you will award damages. Damages for the breach of a contract is that sum which would place the injured party in the same condition it would have occupied if the contract had not been breached. If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover and you have arrived at the amount of your award, you should then determine from the evidence the date the plaintiff was entitled to the damages arrived at by you and then add interest thereto at the rate of 6% per annum from the date you find the plaintiff was entitled to have received the damages to the present date of April 3, 2007. A party may recover the contract price, less the reasonable costs of remedying any trivial defects or omissions if he has substantially performed such contract.

Conversion Claim. Conversion has to do with title and possession of personal property. Plaintiff Simple Pleasures, Inc., claims that the Gator's restaurant fixtures, equipment, supplies and other personal property as described for you on several exhibits belongs to it, and that the defendants wrongfully took possession of the personal property and continue in that possession today. Specifically the plaintiff claims that the sale of the personal property on the courthouse steps on February 4, 2005, was not conducted in compliance with Alabama law as to landlord liens, and that defendant V Restaurants, Inc., did not get good title to the personal property at the sale.

Defendants V Restaurants, Inc., and Vince Saele deny they wrongfully took possession of the personal property. It is their defense that the sale on the courthouse steps on February 4, 2005, was legal and granted the defendant V Restaurants, Inc., good title to the personal property. In any event, they claim that they acted on the good faith belief that the sale was proper, and further, that plaintiff Simple Pleasures, Inc., abandoned the personal property. I will now give you the law of conversion.

A conversion is the exercise of dominion by another over personal property to the exclusion or in defiance of the owner's rights. The plaintiff must produce evidence from which you can reasonably infer a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of the Plaintiff's property or rights in property. The burden of proof is on the plaintiff to reasonably satisfy you from the evidence that the defendant converted the property of the plaintiff.

When a party, in this case defendants V Restaurants, Inc., lawfully comes into possession of personal property of another, there can be no conversion unless the owner or claimant of the property, in this case, Simple Pleasures, Inc., makes a demand for the return of the property. On the other hand, when the possession of the defendant is no longer lawful, there is no requirement that the owner or claimant of the property demand its return in order to state a cause of action for conversion.

Under Alabama law, the landlord of any storehouse or other building has a lien on the goods, furniture, and effects belonging to the tenant for rent. The landlord shall have the right, for the enforcement of such lien, to sue out an attachment before any officer authorized to issue attachments, and returnable to any court having jurisdiction of the amount claimed, when the

7

rent, or any installment thereof, is due, and the tenant fails or refuses, on demand, to pay such rent or installment.

Before such attachment is issued, the landlord, or his agent or attorney, must make an affidavit, setting forth the amount that is, or will be, due for the rent, that the tenant has failed or refused to pay the rent, and that the attachment is not sued out for the purpose of vexing or harassing the defendant; and must also execute a bond in double the amount claimed, payable to the tenant, with sufficient surety, and with condition that the landlord will prosecute the attachment to effect, and pay the tenant all such damages as he may sustain from the wrongful or vexatious suing out of such attachment. Such attachment may be levied on so much of the goods, furniture and effects of the tenant as will satisfy the landlord's demand for rent.

The landlord may seek to enforce the lien for the payment of rent either by attachment as described above or by suit in circuit court for the enforcement of the lien. A landlord with a lien must proceed to enforce it according to the methods prescribed by the law, and if he does not, but seizes and sells the property on his own motion, he may be guilty of conversion.

The landlord here, Spectrum/Vaughn Plaza, LLC, failed to follow the methods prescribed by law to enforce its landlord's lien. On the basis of that failure, the landlord was unable to give good title to the personal property to defendant V Restaurants, Inc., at the sale conducted on February 4, 2005. Defendants claim they acted in good faith and relied upon advice of counsel in purchasing the property at the lien sale. You are entitled to take those defenses into account in deciding whether or how much damages to award the plaintiff on the conversion count. You are also entitled to consider the $21,874.00 paid by defendant V Restaurants, Inc., in arriving at an award of damages for conversion.

8

The plaintiff is not entitled to assert conversion if it abandoned its property. In this case, the defendant claims that the plaintiff abandoned its property. However, in Alabama, there is a presumption that one does not intend to abandon property of value. Abandonment of property requires intent to abandon plus an act. A sufficient act is one that manifests a conscious purpose and intention of the owner of personal property neither to use nor to retake the property into his possession.

If you are reasonably satisfied that the plaintiff has proven the defendants converted the plaintiff's property, the plaintiff will further have to prove to your reasonable satisfaction the amount of compensatory damages. The measure of compensatory damages for the conversion of personal property is the value of the property as of the date of the conversion; or the value of the property at any time between the date of the conversion and the trial, whichever is greater, with interest at the rate of six per cent (6%) per annum from the date of the conversion.

Punitive damages are also allowed to the plaintiff and may be awarded in the sound discretion of the jury in cases where the plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in legal malice, willfulness, insult, or other aggravating circumstances, or where conversion is done in known violation of the plaintiff's rights.

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in your mind a firm conviction as to each essential element of the claim and the high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than the preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

9

In awarding damages your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

Unjust Enrichment Claim. If you do not find for the plaintiff on either of the first two claims, you may find for the plaintiff on a theory of unjust enrichment. The essence of the theory of unjust enrichment is that the plaintiff can prove facts showing the defendant, V Restaurants, Inc., holds property which, in equity and good conscience, belongs to the plaintiff. One is unjustly enriched if its retention of a benefit would be unjust.

If you find for the plaintiff on the unjust enrichment claim, taking into account all the facts and circumstances presented to you, you will determine damages in the amount that the defendant was unjustly enriched.

### III. Closing Instructions

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Duty To Deliberate. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because

10

the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case. In arriving at a verdict in this case you must not permit sympathy, prejudice or emotion to influence you.

Election Of Foreperson, Explanation Of Verdict Form. When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take a copy of these instructions and the verdict form to the jury room, and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.